# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
## Civil Case No. 1:08-cv-00141-MR
## [Criminal Case No. 1:04-cr-00018-MR-1]

| | |
|---|---|
| JONATHAN LEE SHULL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Reopen and Motion to Reconsider his Section 2255 proceeding [Doc. 17].

**I.    BACKGROUND**

On December 31, 2003, Petitioner pled guilty pursuant to a written plea agreement to two separate charges of bank robbery, in violation of 18 U.S.C. § 2113(a), in Case Nos. 1:03-cr-00088-MR-1 and 1:03-cr-00089-MR-1. [Criminal Case No. 1:03-cr-00088-MR-1, Doc. 16: Plea Agreement; Doc. 19: Entry and Acceptance of Guilty Plea; Criminal Case No. 1:03-cr-00089-MR-1, Doc. 18: Plea Agreement; Doc. 21: Entry and Acceptance of Guilty Plea]. The bank robbery in Case No. 1:03-cr-00088-MR-1 occurred on July 19, 2002, in Polkville, North Carolina, and the bank robbery in Case

No. 1:03-cr-00089-MR-1 occurred on September 8, 2003, in Candler, North Carolina. On March 10, 2004, Petitioner entered a straight-up guilty plea to a separate bank robbery occurring in Lenoir City, Tennessee, in violation of 18 U.S.C. § 2113(a). [Criminal Case No. 1:04-cr-00018: Doc. 6: Entry and Acceptance of Guilty Plea].

On September 1, 2004, in a judgment consolidating all three cases, this Court sentenced Petitioner to 293 months of imprisonment on the bank robbery in Case No. 1:04-cr-00018, and to 240 months of imprisonment on the bank robberies in Case Nos. 1:03-cr-00088 and 1:03-cr-00089, with all of the sentences to be served concurrently. [Criminal Case No. 1:03-cr-00088-MR-1, Doc. 27: Judgment]. Petitioner appealed, and on March 13, 2006, the Fourth Circuit Court of Appeals vacated and remanded for resentencing under United States v. Booker, 543 U.S. 220 (2005).

On June 12, 2006, this Court again sentenced Petitioner to 293 months of imprisonment on the bank robbery in Case No. 1:04-cr-00018, and to 240 months of imprisonment on the bank robberies in Case Nos. 1:03-cr-00088 and 1:03-cr-00089, with all of the sentences to be served concurrently. [Criminal Case No. 1:03-cr-00088-MR-1, Doc. 30: Amended Judgment]. An amended judgment consolidating all three cases for sentencing was filed on June 12, 2006. Petitioner appealed, and on July

2

12, 2007, the Fourth Circuit Court of Appeals affirmed Petitioner's convictions and sentences in an unpublished opinion. United States v. Shull, 232 F. App'x 367 (4th Cir. 2007). The Supreme Court denied Petitioner's petition for writ of certiorari on November 13, 2007. Shull v. United States, 552 U.S. 1030 (2007).

On April 8, 2008, Petitioner filed a motion to vacate his conviction and sentence for the Tennessee bank robbery, in Criminal Case No. 1:04-cr-00018. On February 19, 2009, the Court denied Petitioner's motion to vacate. [Doc. 16]. On June 2, 2014, Petitioner filed the pending motion to reopen. [Doc. 17]. Petitioner contends that his conviction and sentence is unconstitutional in light of the U.S. Supreme Court's recent decision in Alleyne v. United States, 133 S. Ct. 2151 (2013).

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an

evidentiary hearing.  See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

**III.   DISCUSSION**

Although Petitioner has styled his motion to reopen as a motion under Rule 60(b)(6) of the Federal Rules of Civil Procedure, the Court finds that the motion is, in fact, a successive petition under Section 2255.  See Gonzalez v. Crosby, 545 U.S. 524, 531 (2005) (finding that a Rule 60(b) motion arguing for relief based on a substantive change in the law is in effect a second or successive habeas proceeding and should be examined as a Section 2255 motion); United States v. Winestock, 340 F.3d 200, 206-07 (4th Cir. 2003) (observing that "a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application").

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  Thus, Petitioner must first obtain an order from the United States Court of Appeals for the Fourth Circuit before this Court will consider any successive petition under 28 U.S.C. § 2255.

Petitioner has not shown that he has obtained the permission of the United States Court of Appeals for the Fourth Circuit to file a successive petition. See also 28 U.S.C. § 2255(h) ("[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals."). Accordingly, Petitioner's successive petition must be dismissed.[1] See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place").

## IV. CONCLUSION

For the foregoing reasons, Petitioner's Motion to Reopen will be dismissed as a successive Section 2255 petition.

The Court finds that Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see

---

[1] Moreover, Alleyne does not apply to Petitioner because Petitioner was not subject to a mandatory minimum sentence based on any finding of fact by this Court, as opposed to a jury. Petitioner argues that Alleyne was violated because he contends that his sentence was enhanced by this Court's finding that Petitioner brandished a firearm during the Tennessee bank robbery, when he never admitted that he used or brandished a firearm during any of the bank robberies. Here, however, Petitioner was not convicted of brandishing a firearm during and in relation to a crime of violence under 18 U.S.C. § 924(c)(1)(A)(ii), which would have subjected him to a mandatory minimum sentence of seven years. Rather, his sentence was enhanced based on the Court's finding by a preponderance of the evidence that Petitioner had displayed and pointed a gun at the teller in the Tennessee bank robbery, warranting a six-level enhancement pursuant to U.S.S.G. § 2B3.1(b)(2)(B) (2003).

5

also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that his Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack, 529 U.S. at 484-85. As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Reopen [Doc. 17] is **DISMISSED** as a successive petition.

**IT IS FURTHER ORDERED** that this Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: August 8, 2014

Martin Reidinger
United States District Judge